# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0720V

| | |
|---|---|
| LAURA LUNSFORD, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 20, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Laura Lunsford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on September 27, 2019. Petition at 1-2. On April 7, 2025, I issued a decision awarding damages based upon Respondent's proffer. ECF No. 55.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,927.64 (representing $39,436.40 for attorney's fees and $491.24 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed May 28, 2025, ECF No. 61. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 60.

Respondent reacted to the motion on June 11, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 62. Petitioner has not filed a reply.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. For work performed by Mr. Greenwood in 2025, Petitioner is requesting the hourly rate of $584.00, representing an increase of $39.00 from the previous year. I find this 2025 rate is reasonable and within the OSM fee schedule for attorneys with Mr. Greenwood's experience, specifically in light of his vaccine specific experience and quality and efficiency of work. Thus, I will award the requested 2025 rate.

I also note this case required additional briefing regarding entitlement, and damages. *See* Petitioner's Motion for a Ruling on the Record ("Motion"), filed June 26, 2023, ECF No. 44; Petitioner's Reply to Respondent's Response to Motion, filed Aug. 15, 2023, ECF No. 47. Petitioner's counsel expended approximately 10.3 hours drafting the entitlement brief and 17.0 hours drafting the responsive entitlement brief, for a combined total of 27.3 hours. ECF No. 61-2 at 12-13. Although a greater total amount of hours than I would usually approve, this amount of time was appropriate given that the majority of these hours (21.8 hours) were billed by paralegals at a lower hourly rate. Thus, I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 61-3. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 62. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,927.64 (representing $39,436.40 for attorney's fees and $491.24 in attorney's costs) to be paid through an ACH deposit**

**to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.